**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NORTH DAKOTA**

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| Elvis Basic, | ) | Case No. 1:18-cr-125 |
| | ) | |
| Defendant. | ) | |

On June 25, 2020, defendant filed what the court construes as a Motion for Subpoena. For the reasons discussed below, the motion is denied.

## I.   BACKGROUND

On February 15, 2019, defendant was convicted by a jury of one count of conspiracy to distribute and possess with intent to distribute Cyclopropyl Fentanyl and two counts of distribution of Cyclopropyl Fentanyl. (Doc. No. 69). On May 16, 2019, the court sentenced defendant to 120 months imprisonment on each count, with each sentence to run concurrently. (Doc. No. 90). On May 28, 2019, defendant filed a Notice of Appeal to the Eighth Circuit. (Doc. No. 95). Defendant's direct appeal is still pending.

On June 25, 2020, defendant filed a Motion for Subpoena. (Doc. No. 110). Defendant seeks production of video recordings from the federal courthouse's security cameras on the date of his trial as well as recording of telephone conversations and/or Bureau of Prison phone records. Defendant asserts:

> I was informed by the governments key-witness that the jury and him had been talking about the case during recess session, he (Joseph Otremba) had mentioned that the elevator court cameras would have this evidence, he (Joseph Otremba) also mentioned that the jury and him were outside talking (email evidence

1

> BOP has) about the case during smoking.
>
> * * *
>
>     This letter is to ask for help with this matter, along with your help in getting a subpoena for the camera footage, and to obtain a phone conversation with Joseph Otremba on the BOP phone system as required by the BOP.
>     The phone recording mentioned above will verify that Joseph Otremba was the correspondent to the corri-link emails between me and him. The phone recordings are on my fellow inmates phone logs, this inmate (Matthew Primmer) had requested the records but the warden had told us that a subpoena was needed to obtain them. The number that was contacted was 651-483-1924, this was the number that Joseph Otremba had e-mailed me to call to get a hold of him on the phone. In the call Joseph Otremba is speeking, their is two different calls, and both will be very helpful.

(Doc. No. 110) (errors in original).

On June 30, 2020, the United States filed a response in opposition to defendants motion. It asserts defendant's request for discovery is, at best premature, as defendant is not petitioning for post-conviction relief. (Doc. No. 111).

## II.    DISCUSSION

It is generally recognized that pre-petition discovery is impermissible. Although not binding on this court, the Ninth Circuit's holding in <u>Calderon v. United States</u>, 98 F.3d 1102 (9th Cir. 1996), and Eleventh Circuit's holding in <u>United States v. Cuya</u>, No. 18-14380, 2020 WL 3550681, at *2 (11th Cir. July 1, 2020), are instructive.

At issue in <u>Calderon</u> was the propriety of the district court's denial of a discovery motion filed by a state prisoner in state custody who had not petitioned for habeas relief. The Ninth Circuit affirmed the district court and held that pre-petition discovery was not permissible. It reasoned in relevant part that (1) "a prisoner must outline factual allegations in a petition before the district court will be able to determine the propriety of discovery;" (2) the Rules of Civil Procedure generally do

not permit pre-complaint discovery; and (3) "district courts should not allow prisoners to use federal discovery for fishing expeditions to investigate mere speculation." Calderon v. U.S. Dist. Court for the N. Dist. of California, 98 F.3d 1102, 1106 (9th Cir. 1996).

The Eleventh Circuit's expressed similar sentiments in United States v. Cuya, No. 18-14380, 2020 WL 3550681, at *2 (11th Cir. July 1, 2020), when affirming the district court's denial of a motion to compel discovery that a prisoner had filed in anticipation of lodging a § 2255 habeas petition.

> The question before us is whether the district court abused its discretion in denying the motions to compel discovery that Cuya filed in anticipation of lodging a § 2255 petition. Although we have not dealt with this issue in a published decision in many years, under controlling case law, the answer is clear: A prisoner is not entitled to file a motion for discovery -- of transcripts, indictments, search warrants, or other records -- before filing a § 2255 motion to vacate. See Brown v. United States, 438 F.2d 1385, 1385 (5th Cir. 1971) (affirming the denial of a motion seeking a copy of a trial transcript for use in a future collateral attack on a conviction where "Brown had no petition for a post conviction remedy pending at the time of his motion and his motion failed to set forth any grounds of attack on his sentence"); Skinner v. United States, 434 F.2d 1036, 1037 (5th Cir. 1970) ("We have consistently held that where a federal prisoner has not attempted to file a petition collaterally attacking his conviction, he is not entitled to obtain copies of court records at the government's expense under 28 U.S.C. 2255 to search the record for possible error."); Walker v. United States, 424 F.2d 278, 279 (5th Cir. 1970) (affirming the denial of a motion requesting an indictment and transcripts because "[a] federal prisoner is not entitled to obtain copies of court records at Government expense for the purpose of searching the record for possible error").
>
> The long-standing rule that a defendant may not file a pre-§ 2255 request for discovery makes sense. For starters, as we've recognized, a § 2255 motion is a civil action separate and apart from a prisoner's criminal case, so a prisoner simply contemplating the filing of a § 2255 motion has no ongoing case and is in a wholly "prelitigation" posture. See United States v. Jordan, 915 F.2d 622, 628 (11th Cir. 1990) (observing that "proceedings under § 2255 are not proceedings in the original criminal prosecution; rather, the filing of a motion pursuant to § 2255 is akin to initiating an independent civil suit"); United States v. Dunham Concrete Prods., Inc., 501 F.2d 80, 81 (5th Cir. 1974) ("This Circuit has long taken the view that § 2255 proceedings are, like habeas matters, civil actions mainly standing on their own bottoms ...."); Rosecrans v. United States, 378 F.2d 561, 565–66 (5th Cir. 1967)

(providing that "[a] motion under § 2255 ... is an independent civil proceeding, and it is not a part of the proceedings in the criminal case in which the sentence attacked was imposed").

In fact, in civil cases generally, a party is not entitled to discovery before an action is brought -- indeed, he may not seek discovery until after he has not only filed a complaint, but a well-pleaded one. See Ashcroft v. Iqbal, 556 U.S. 662, 678–79, 686, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) ("the doors of discovery" do not unlock "for a plaintiff armed with nothing more than conclusions," so if a complaint does not "state[ ] a plausible claim for relief," the plaintiff "is not entitled to discovery"); Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1367 (11th Cir. 1997) (There is no "need for discovery" before "the filing of a well-pleaded complaint. [Discovery] is not a device to enable the plaintiff to make a case when his complaint has failed to state a claim." (quotation omitted)); see also Application of Eisenberg, 654 F.2d 1107, 1112 (5th Cir. 1981) ("A person contemplating litigation has no absolute entitlement to early discovery ...."); Charles Alan Wright & Arthur R. Miller, Fed. Practice & Procedure § 2071 n.5 (3d ed. 2020) ("The type of fishing which the [Federal Rules of Civil Procedure] do not tolerate is fishing before action to try to discover some ground for bringing suit. No discovery process can be used by the plaintiff before he has filed his complaint." (quotation omitted)).  Thus, the requirement that a prisoner who is just thinking about filing a § 2255 motion to vacate must first lodge the motion before he can seek discovery is wholly consistent with the usual rules of discovery surrounding civil actions.

Moreover, while § 2255 proceedings are civil in nature, discovery in habeas actions is more limited than in other civil cases. See Harris v. Nelson, 394 U.S. 286, 295, 89 S.Ct. 1082, 22 L.Ed.2d 281 (1969) (noting that "[a]t the very least, it is clear that there was no intention to extend to habeas corpus, as a matter of right, the broad discovery provisions" applicable to ordinary civil litigation (citing Hickman v. Taylor, 329 U.S. 495, 500, 67 S.Ct. 385, 91 L.Ed. 451 (1947))). According to the Rules Governing Section 2255 Proceedings for the United States District Courts, for a federal habeas petitioner to obtain discovery once his action is filed, he must show "good cause." See Rule 6 of the Rules Governing Section 2255 Proceedings for the United States District Courts ("A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure, or in accordance with the practices and principles of law. ... A party requesting discovery must provide reasons for the request."); see also Bracy v. Gramley, 520 U.S. 899, 904, 117 S.Ct. 1793, 138 L.Ed.2d 97 (1997) ("A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course[, but only] in the exercise of [the judge's] discretion and for good cause shown.") (emphasis added). A district court cannot determine whether there is "good cause" for a discovery request and cannot determine the propriety of discovery until a § 2255 has been filed. See Arthur v. Allen, 459 F.3d 1310, 1311 (11th Cir. 2006) ("[G]ood cause for discovery cannot arise from mere speculation.").

> A filed § 2255 motion is therefore necessary before a district court may conduct an inquiry under Rule 6 of the Rules Governing Section 2255 Proceedings for the United States District Courts.
>
> This limitation also is consistent with the general admonition against allowing federal prisoners to use discovery in habeas proceedings as a fishing expedition ....

United States v. Cuya, No. 18-14380, 2020 WL 3550681, at **2-4 (11th Cir. July 1, 2020) (footnotes omitted).

Here, defendant has not petitioned the court for habeas relief. As such, his request for discovery is premature. The Federal Rules of Civil Procedure bar pre-complaint discovery in civil actions except in instances when a party can show the need to perpetuate testimony that may not be available later. See Fed. R. Civ. P. 27. There is nothing in defendant's motion to even remotely suggest that his discovery request qualifies for this exception. Moreover, as the court in Cuya pointed out, discovery in habeas actions is more limited than in other civil cases. See United States v. Cuya, 18-14380, 2020 WL 3550681 Habeas petitioners are not entitled to in the ordinary course but only in the exercise of the court's discretion and for good cause shown. Cuya, No. 18-14380, 2020 WL 3550681, at *3 (citing Bracy, 520 U.S. at 904).

The bar to defendant's ability to conduct discovery is far from onerous as it has temporary application. Id. at *4 (citing Eisenberg, 654 F.2d at 1112. Once a § 2255 motion has been filed, defendant is free to seek discovery upon a showing of "good cause." Id. (citing Bracy, 520 U.S. at 904).

### III. CONCLUSION

Defendant's Motion for Subpoena (Doc. No. 110) is **DENIED**.

**IT IS SO ORDERED.**

Dated this 14th day of July, 2020.

*/s/ Clare R. Hochhalter*
Clare R. Hochhalter, Magistrate Judge
United States District Court